# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| GARY L. SMITH, | ) |
|         Movant, | ) |
| vs. | ) Case No. 05-5057-CV-SW-RED |
| UNITED STATES OF AMERICA, | ) |
|         Defendant. | ) |

## ORDER

Now pending before the Court is an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 3)[1] with Memorandum in Support (Doc. 4) filed by Movant Gary L. Smith. In this Motion, Movant seeks post-conviction relief, arguing that his trial counsel was ineffective; that much of the trial evidence should be suppressed as the fruit of an unlawful search and seizure; that the government committed a *Brady* violation by withholding information favorable to Movant; that Movant's sentence was unlawfully enhanced in violation of *Booker*; and that the images used to convict Movant were protected under the First Amendment. For the reasons set forth below, the Court finds that Movant's Amended § 2255 Motion (Doc.3) is due to be **DENIED**.

### I. Factual and Procedural Background

On March 28, 2002, Movant was charged in a three count indictment with production of child pornography, interstate transportation of child pornography and reproduction of child pornography, all in violation of 18 U.S.C. §§ 2251(a), 2252(a)(1) and 2252(a)(2), respectively. On May 22, 2002, Movant retained John Woodard as counsel.

---

[1] All document numbers refer to case 05-5057-CV-SW-RED unless otherwise noted.

Subsequently, Movant moved for suppression of all evidence seized from his Chicago, Illinois and Jefferson, Georgia residences. On November 25, 2002, United States Magistrate Judge James C. England conducted a Suppression Hearing. On December 11, 2002, Judge England issued his Report and Recommendation (Case No. 02-5019-CR-SW-RED, Doc. 84) recommending that Movant's Motion to Suppress Evidence be denied. On January 15, 2003, the Court[2] adopted the magistrate's report and recommendation as its own order and denied Movant's Motion to Suppress. (Case No. 02-5019, Doc. 86).

Movant waived his right to a trial by jury and the case presided to trial before the undersigned on April 21 and 23, 2003. On the first day of trial, Movant moved for a continuance and asserted a claim of ineffective assistance of counsel, ultimately moving for appointment of new counsel. These motions were denied by the Court. At trial, Defendant presented no evidence and elected not to testify. On April 23, 2003, the Court found Movant guilty of all three counts charged in the indictment.

On May 8, 2003, Movant filed a *pro se* Motion to Dismiss Counsel Due to Ineffectiveness (Case No. 02-5019, Doc. 159). This Motion was denied by Judge England. (Case No. 02-5019, Doc. 161) Nevertheless, Mr. Woodard subsequently orally moved to withdraw as counsel. This Motion was granted by Judge England, and Shane Cantin was appointed to represent Movant in all future proceedings. (Case No. 02-5019, Doc. 163)

On October 20, 2003, Movant appeared before the undersigned for sentencing. There the Court considered the Government's Motion for an upward departure from the sentencing guidelines. The Government argued that an upward departure was warranted as Movant's criminal history was

---

[2] The Honorable Ortrie D. Smith, United States District Court Judge, presiding.

understated and that his guideline calculation underestimated his risk of recidivism. After hearing the testimony of several witnesses, the Court granted the upward departure and Movant's criminal history category was increased two levels, from category II to category IV. Based on a total offense level of thirty-three (33) with a criminal history category of IV, Movant' sentencing range was 188-235 months. The Court then sentenced Movant to 235 months on counts 1, 2 and 3 of the indictment with the sentences to run concurrent with each other.

Movant appealed his sentence, arguing that the Court erred by departing upward at sentencing; that his 1998 Arkansas state conviction for first degree sexual abuse was not related to child exploitation triggering an enhanced minimum sentence of fifteen years; and that the Court erred by denying Movant's requests for a continuance and appointment of counsel on the first day of trial. On May 5, 2004, the Eighth Circuit Court of Appeals disagreed with Movant on all counts, affirming the Court's conviction and sentence. *United States v. Gary Lee Smith*, 367 F.3d 748 (8th Cir. 2004).

Movant subsequently filed his § 2255 motion with the Court on May 5, 2005, and his amended motion and memorandum in support on May 27, 2005. On August 22, 2005, the Government filed its response (Doc. 19). Movant's Reply (Doc. 32) was filed on December 28, 2005.

## II. Standard of Review

Section 2255 of Title 28 allows a prisoner in federal custody to attack a sentence imposed by a federal court, on grounds that the court lacked jurisdiction to impose the sentence, that the sentence was not authorized by law or was otherwise open to collateral attack, or that the prisoner's constitutional rights have been denied or infringed upon to render the judgment vulnerable to

collateral attack. 18 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 448, 470, 7 L. Ed. 2d 417 (1962). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." *Id.* Ineffective assistance of counsel, if proved, satisfies this standard. *Id.*

### III. Analysis

In his amended § 2255 Motion, Movant alleges five grounds for relief. First, Movant argues that his counsel was ineffective. Second, Movant alleges violations of his Fourth Amendment right to be free from unlawful search and seizure. Third, Movant argues that the Government committed a *Brady* violation by withholding information favorable to Movant. Fourth, Movant argues that his sentence was unlawfully enhanced in violation of *Booker*. Finally, Movant argues that the images used to convict him were protected under the First Amendment.

Briefly the Court notes the voluminous pleadings Movant has filed in support of his § 2255 motion make it difficult at times to discern Movant's precise legal arguments. In addition to his amended § 2255 Motion, Memorandum in Support of his § 2255 Motion and his Reply, Movant has submitted five declarations and over seventy exhibits in support of the instant motion. While the Court will consider the declarations and exhibits as support for Movant's § 2255 Motion, it need not address additional claims not raised in Movant's initial § 2255 brief. *Hohn v. United States*, 193 F.3d 921, 924 & n.2 (declining to address claim raised for first time in a § 2255 reply brief); *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (stating that an argument not raised in an initial §

2255 motion should be considered waived even if the defendant is *pro se*).

## *A. Ineffective Assistance of Counsel*

Movant first argues that counsel was ineffective under the principle established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984). The specific errors alleged by Movant in his amended § 2255 motion are as follows: that in November 2002, counsel waived Movant's right to a speedy trial without first conferring with Movant; that counsel withdrew several pretrial motions without Movant's consent; that counsel did not obtain saved instant message conversations between Movant and government witness Fred Frakes that would show that Movant did not engage in photography of underage girls; that counsel failed to hire a computer graphics expert to show that images used to convict Movant had been manipulated; that counsel failed to obtain several defense witnesses; and that a conflict existed between Movant and counsel, inasmuch as counsel continually urged Movant to plead guilty and not to take the stand in his own defense, that counsel charged Movant for services that were never performed, and that counsel failed to obtain psychological reports of the victim "Nevada girl" and witness Fred Frakes.

In response, the Government argued that counsel had not been ineffective.[3] In support of this position the Government attached the affidavit of Movant's trial counsel John Woodard. (Doc. 19) Movant filed a reply, reasserting most of the arguments raised above.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must show counsel's performance "fell below an objective standard of reasonableness." *Strickland v.*

---

[3] The Court notes that several issues specifically addressed by the Government in response–such as alleged ineffectiveness of appellate counsel–were not raised by Movant in his amended § 2255 Motion or Memorandum in Support. As discussed above, the Court considers these issues to be waived and will not address them in this Order.

-5-

*Washington,* 466 U.S. 668, 688 (1984). This entails a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* In addition, the defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Accord Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather the focus of the question is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair'). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Here, it appears that Movant's strategy is to question every single decision of his trial counsel in an attempt to cast doubt on the lawfulness of his conviction. However, this effort must fail because Movant has failed make a threshold showing of prejudice. Many of Movant's allegations are easily rebuffed by the record or the affidavit of Movant's trial counsel John Woodard. For example, despite Movant's argument that counsel waived his right to a speedy trial without conferring with Movant, the record contains two speedy trial waivers signed by Movant dated November 6, 2002 and January 24, 2003. (Case 02-5019, Docs. 80 and 101) With respect to the pretrial motions, most of these Motions sought evidence in the government's possession under *Brady*.[4] These motions were responded to by the Government, who indicated that they had an open file policy and that Movant's counsel was free to review the Government's evidence at any time. Third, although Movant states that counsel was ineffective by failing to hire a computer expert to

---

[4] Further discussion of the *Brady* issue occurs in subpart "C," *infra*.

show that the explicit images of the Nevada girl had been modified or altered, this allegation is easily rebuffed by the affidavit of Mr. Woodard. (Doc. 19) Mr. Woodward states that he contacted computer expert Jeff Bloom to review the computer images in the possession of the Government that they intended to use at trial. Upon review, the expert stated that there was no information he could provide that would contradict the testimony of the Government's expert witness.

Additionally, none of the alleged errors of counsel specifically casts doubt on the primary evidence adduced at trial: the testimony of the victim, Nevada girl, which the Court found to be highly probative. Nevada girl identified Movant as the photographer of the pictures, and further identified herself as the subject of the pictures, including the explicit images. Nevada girl further testified that Movant took these pictures after her parents left to go get food and that Movant ordered her to remove her clothes and placed her body in suggestive positions. The Court then heard testimony from the government's expert witness that the explicit images of Nevada Girl had not been modified or altered in any way. Notwithstanding the alleged errors of counsel, the testimony of Nevada girl was enough to convict Movant of production of child pornography under 18 U.S.C. § 2251(a) and subject him to the sentence he is now serving. Accordingly, since Movant has failed to make the threshold showing of prejudice under *Strickland*, Movant's claim of ineffective assistance of counsel must fail.

*B. Illegal Search and Seizure*

Movant's next argument is his residence in Chicago, Illinois, and subsequently, his residence in Jefferson, Georgia, were unlawfully searched and evidence was seized in violation of his Fourth Amendment Right to be free from unlawful search and seizure. The government responds by arguing that since Movant did not raise this issue on appeal, he is procedurally barred from raising this issue

on collateral attack because he has not made a showing of actual prejudice or actual innocence. In reply, Movant states that he should not be barred from raising this issue on collateral attack since he instructed his attorneys to pursue this issue on appeal.

A claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001). To show cause for his procedural default, the petitioner must show that "something external to [him], something that cannot fairly be attributed to him," caused the procedural default. *Coleman v. Thompson* 501 U.S. 722, 753 (1986). In determining prejudice, the question is not whether the defendant would more likely than not have received a different verdict absent the cited error, but whether, in its absence, he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *Strickler v. Greene*, 119 S.Ct. 1936 (citing *Kyles v. Whitley*, 514 U.S. 419 (1995)). If a prisoner cannot establish cause and prejudice for his procedural default, he can have his claim heard on collateral review if he establishes "actual innocence." *Bousley*, 523 U.S. at 622. In order to establish actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction. *Id.* Accordingly, a conviction will only be overturned if the defendant can demonstrate, in light of all of the evidence, that it is more likely than not that no reasonable juror would have convicted him, but for the complained of error. *McNeal v. United States,* 249 F.3d 747 (8th Cir. 2001).

Here, the Court finds that Movant has arguably shown cause for his default in that his appointed appellate counsel, Shane Cantin, failed to raise the issue of unlawful search and seizure on appeal, allegedly despite Movant's insistence that he do so. Nevertheless, Movant is still required

to make a showing of actual prejudice or actual innocence.

As stated above, Movant is challenging the lawfulness of the search and subsequent seizure of property of two separate residences: the first in Chicago, Illinois, and the second residence in Jefferson, Georgia. With respect to the Chicago residence, Movant argues that the search was conducted prior to the issuance of a warrant; that the officers did not develop probable cause after their entry into the house allowing them to procure a warrant at a later time; that a co-tenant, Shannon Jones, did not have the authority to give the officers consent to search the residence or that said consent was given under duress; that Movant did not consent to a search of his residence; and that the Officers stated purpose of questioning Movant about his sex offender status was a ruse that nullifies any consent he may have given. With respect to the Georgia residence, Movant argues that Federal Bureau of Investigation ("FBI") Special Agent Cameron Roe swore out an affidavit for a search warrant based on the following false allegations: that he had evidence from the Chicago search and seizure; that he had information that an unidentified person had reported Movant's conduct to the National Center for Missing and Exploited Children; and that the FBI had identified the girl in the explicit image titled "adrianne14" in paragraph seventeen (17) of the affidavit. In reply, Movant states that Agent Roe lied about knowing the identity of "adrianne14" because Adrianne Jones is willing to testify that she told Agent Roe that she was not the women in the image; that Agent Roe committed perjury on the stand when testified about information from the National Center for Missing and Exploited Childern; and that Agent Roe has never seen nor produced evidence from the Chicago search in support of this claim.

In reviewing these claims, the Court does not find that Movant has made the requisite showing of actual prejudice or actual innocence entitling him to relief. For instance, many of the

-9-

challenges raised by Movant are patently refuted by the record. For one, Plaintiff had previously moved to suppress all evidence obtained from these residences. United States Magistrate Judge England held a suppression hearing, and subsequently issued his report and recommendation that Movant's motion be denied. (Case 02-5019, Doc. 84) This Report and Recommendation was subsequently adopted by the Court. (Case 02-5019, Doc. 86). With respect to the Chicago residence, the magistrate found that there was a "substantial basis to support the issuance of the search warrant for the Chicago residence." (Case 02-5019, Doc. 84) Since the arguments put forth by Movant in the instant motion are the same arguments that were previously rejected by the Court at the suppression hearing and Movant has not come forward with any new evidence or arguments that would cause the Court to question that result, the Court finds that, with respect to the search of the Chicago residence, Movant has not made a showing of actual prejudice or actual innocence implicating his Fourth Amendment rights.

Additionally, Movant's challenge with respect to the search of the Georgia residence, although based on arguments not considered by the magistrate at the time, are equally meritless. The alleged "lie" committed by Agent Roe on the witness stand was simply an assertion during cross examination that he did not know who, if anyone, had actually contacted the National Center for Missing and Exploited Children. Additionally, although Adrienne Jones has signed an affidavit that she is not the girl identified by agent Roe in paragraph seventeen, the affidavit as sworn out by Agent Roe only identifies that an image described as "adrianne14" depicted a young girl naked and engaged in acts of masturbation. Although Agent Roe states that the FBI has made a positive identification of "adrianne 14," Adrianne Jones is not mentioned by name in the affidavit. As pointed out by the Government, even if Adrianne Jones denies that she is the girl identified in

paragraph seventeen (17) of the affidavit, this does not mean that the FBI had not determined the identity of "adrianne 14" through other means. The Court also finds it persuasive on this point that Movant's trial counsel, John Woodard, mentioned in his affidavit that he did not call Ms. Jones as a witness at trial based on his belief that she would not provide truthful testimony. Finally, with respect to Agent Roe's evidence from the Chicago search warrant in support of his affidavit, Movant has not shown that such evidence exists or that the government has suppressed this evidence. Therefore, Movant has once again failed to make a showing of actual prejudice or actual innocence from the search of his Georgia residence and is not entitled to relief on this point.

*C. Brady Violations*

Movant's third ground for relief is that the government is withholding evidence favorable to the petitioner in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). Movant cites four alleged *Brady* violations on behalf of the Government including: a failure to turn all investigative records from the United States Post Service; failure to provide saved conversations on Movant's computers between Movant and Fred Frakes; failure to provide an unredacted copy of a news video that was played at Movant's sentencing; and a failure to provide the investigative notes and/or files of Agent Cameron Roe. Movant states that had the government provided this evidence, it would have been used to impeach the testimony of trial witness Fred Frakes, Agent Roe and sentencing witness Eva Stancil. The government responded by stating that it had not suppressed any evidence to the defendant and that Movant had not shown how these items could have been exculpatory to Movant. In reply, Movant essentially reasserted his arguments that this evidence, had it been disclosed could have been used by Movant to impeach several of the government's witnesses.

To succeed on his *Brady* claim, Movant must establish (1) "the prosecution suppressed

-11-

evidence," (2) "the evidence was favorable to him," and (3) "the evidence was material to either his guilt or his punishment." *United States v. Carman,* 314 F.3d 321, 323-24 (8th Cir.2002). To establish materiality in the context of *Brady,* "the accused must show there is a reasonable probability that if the allegedly suppressed evidence had been disclosed at trial the result of the proceeding would have been different." *Drew v. United States,* 46 F.3d 823, 828 (8th Cir.1995). "A 'reasonable probability' is a probability sufficient to undermine the reviewing court's confidence in the outcome of the proceeding." *Id*

Here, Movant has failed to carry his burden under *Brady* because he has not come forward with any evidence other than his bare allegations that the government suppressed evidence. The record indicates that in response to several *Brady* and other pretrial motions to produce evidence, the Government consistently indicated that its entire investigative file was available for review by Movant's trial counsel (Case No. 02-5019, Docs. 48, 49, 50, 51, 54, 55, 56, 119). Another document from the Government indicates that on February 23, 2003, it turned over a copy of its complete file in the underlying criminal case to defense counsel. (Case No. 02-5019, Doc. 120). Additionally, in a letter from Mr. Woodard to the Fee Dispute Resolution Committee of the Missouri Bar (attached to Doc. 13 as exhibit No. 6), Mr. Woodard states that "[t]he Government furnished me all of their material as well as material that was not covered under Brady. Both Katherine Fincham, the AUSA from Kansas City and Douglas [B]unch, the AUSA from Springfield were very open with their evidence and allowed free access to the material." Based on these representations, the Court finds no evidence of any *Brady* violations on behalf of the Government and Movant's argument on this must point must fail.

-12-

*D. Booker Violation*

Movant's fourth position is that the Court illegally enhanced his sentence in violation of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). No argument in support of this position was included in Movant's Memorandum of Law in support of his § 2255 motion. However, the Eighth Circuit Court of Appeals has ruled that the ruling in *Booker* does not apply to criminal convictions that became final before the rule in *Booker* was announced, and therefore, does not benefit movants in collateral proceedings. *Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005). Accordingly, because Movant's sentence was affirmed by the Eighth Circuit on May 5, 2004, before the Supreme Court's decision in *Booker*, and because the Eighth Circuit has held that *Booker* does not retroactively apply to such convictions, Movant is not entitled to relief on this point.

*E. First Amendment*

Movant's final argument is that all of the images introduced as evidence at trial against Movant are clearly protected by the First Amendment and not obscene under the obscenity test announced by the Supreme Court in *Miller v. California*, 413 U.S. 15 (1973). Although Movant's § 2255 Motion mentions the Supreme Court's subsequent decision in *New York v. Ferber*, 458 U.S. 747 (1982) he fails to appreciate its holding: that child pornography enjoys no First Amendment protection and that child pornography can be proscribed by statute whether or not the images are considered obscene under the definition set forth in *Miller*. *Id.* at 764. Accordingly, Movant's First Amendment argument must fail.

**IV. Conclusion**

Upon review of Movant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside,

-13-

or Correct Sentence by a Person in Federal Custody (Doc. 3), Memorandum in Support (Doc.4), declarations in support (Docs. 13, 16, 21, 25, 39) and the record and proceedings in the underlying criminal case, the Court finds that none of Movant's arguments warrant relief under § 2255. Additionally, the Court finds that all the issues can be conclusively resolved by the record and that a hearing and additional discovery is not warranted. *See Bradshaw v. United States*, 153 F.3d 704, 708 (8th Cir. 1998). Accordingly, it is hereby:

ORDERED that Movant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 3) is **DENIED.**

**IT IS SO ORDERED.**

DATE:	August 10, 2006	  */s/ Richard E. Dorr*  
	RICHARD E. DORR, JUDGE  
	UNITED STATES DISTRICT COURT